## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | REBECCA R. PALLMEYER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2261 | **DATE** | April 29, 2008 |
| **CASE TITLE** | Gregory Champion (#2006-0080031) vs. C. Smith, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff having "struck out" pursuant to 28 U.S.C. § 1915(g), his motion for leave to proceed *in forma pauperis* [#3] is denied. Plaintiff must pay the full statutory filing fee of $350 within fifteen days of the date of this order. Failure to pay the $350 filing fee within fifteen days will result in summary dismissal of this case. *See* N.D. Ill. Local Rule 3.3(e).

■ **[For further details see text below.]**                                                                 **Docketing to mail notices.**

### STATEMENT

　　Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and seeks leave to proceed *in forma pauperis*. However, a review of the court's docket reveals that Plaintiff is barred from proceeding without paying the full statutory filing fee in advance.

　　The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

　　At least three of Mr. Champion's previous actions, all of which were filed while he was incarcerated or detained, have been dismissed in this district on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Champion v. Eagle Printing*, Case No. 07 C 1702 (N.D. Ill.), dismissed on initial review for failure to state a claim by Minute Order of March 29, 2007 (Castillo, J.); *Champion v. Godinez*, Case No. 07 C 4852 (N.D. Ill.), dismissed as frivolous on initial review by Minute Order of September 13, 2007 (Castillo, J.); and *Champion v. Devine*, Case No. 07 C 0022 (N.D. Ill.), dismissed as frivolous on initial review by Minute Order of March 11, 2008 (Pallmeyer, J.).

**(CONTINUED)**

mjm

**STATEMENT**

Although Plaintiff captions his current complaint as seeking "emergency" relief, the court discerns no serious or imminent threat to his life or well-being. Plaintiff alleges that he is being denied needed medical care for sinus drainage, as well as pain reliever for his headaches. The latter claim is the subject of an already-pending action, *see Champion v. Godinez*, Case No. 07 C 6070 (N.D. Ill.). Plaintiff's allegations, though they describe a chronic challenge and may set forth an arguable cause of action under 42 U.S.C. § 1983, do not involve imminent danger of serious physical injury. Accordingly, 28 U.S.C. §1915(g) precludes Plaintiff from proceeding without the full prepayment of the $350 filing fee.

For the foregoing reasons, Plaintiff's motion for leave to file *in forma pauperis* is denied pursuant to 28 U.S.C. § 1915(g). If Plaintiff fails to pay the $350 filing fee within fifteen days, the court will enter judgment dismissing this case in its entirety. *See* N.D. Ill. Local Rule 3.3(e).